Filed 10/3/23  Nunes v. Knudson CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| CRAIG NUNES,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>MATT KNUDSON et al.,<br><br>    Defendants and Respondents. | 2d Civ. No. B322325<br>(Super. Ct. No. 20CV-0490)<br>(San Luis Obispo County) |

Appellant Craig Nunes and respondent Matt Knudson co-owned Premier Refinishing, Inc., a franchisee of Nufinishpro Franchising LLC.  Nunes agreed to buy Knudson's shares of stock for $148,000.  Nufinishpro withheld consent for the stock sale and accused Knudson of setting up a competing business in violation of the franchise agreement signed by Nunes and Knudson.  It claimed the right to collect the $148,000 Nunes had agreed to pay Knudson for his stock.  Caught between Knudson and Nufinishpro, Nunes filed this interpleader action.

The trial court sustained Knudson's demurrer to Nunes's second amended complaint in interpleader without leave to amend.  It found Nunes failed to sufficiently plead that Knudson

and Nufinishpro sought "the same thing, debt, or duty," a common law prerequisite for interpleader. We affirm the judgment of dismissal entered after the order sustaining the demurrer.

FACTS AND PROCEDURAL HISTORY

Premier Refinishing, Inc. entered into a franchise agreement with respondent Nufinishpro Franchising LLC in 2018. The franchise agreement gave Premier the exclusive right to provide bathroom refinishing services in the San Luis Obispo area using Nufinishpro's proprietary coating process. Nunes and Knudson owned Premier and signed the franchise agreement on the corporation's behalf.

The franchise agreement required Premier to operate pursuant to a detailed manual and to buy specific equipment and products from Nufinishpro. It prohibited marketing outside the designated territory. The agreement also required Nufinishpro's written consent before "any assignment, transfer, sale or encumbrance" of Premier's shares of stock." This included transactions involving the "addition, withdrawal, or expulsion of any equity or other owner" of Premier.

Nunes agreed to buy Knudson's 50 percent interest in Premier when Knudson moved to Idaho in 2020. They signed a purchase agreement setting a price of $148,000 for Knudson's 5000 shares of common stock. A dispute then arose when Nufinishpro accused Knudson of starting a competing business in Idaho, then trying to "extricate" himself from the franchise agreement by selling his interest in Premier to Nunes. It refused its consent to a stock transfer unless Nunes paid the purchase price to Nufinishpro instead of Knudson. Knudson demanded Nunes honor the purchase agreement and pay him.

Nunes filed this interpleader action and deposited $148,000 with the court. Knudson demurred three times on the grounds

2

Nunes failed to state a claim for interpleader. The trial court sustained the third demurrer without leave to amend and dismissed the Second Amended Complaint. Related actions among the parties remain pending but are not at issue in this appeal.[1]

## DISCUSSION

### Standard of Review

We review the judgment of dismissal after the order sustaining the demurrer de novo. (*Westamerica Bank v. City of Berkeley* (2011) 201 Cal.App.4th 598, 606-607 (*Westamerica*).) We decide independently whether the second amended complaint states a cause of action for interpleader, deeming true all material facts properly pled. *(Ibid.)* "Where written documents are the foundation of an action and are attached to the complaint and incorporated therein by reference, they become a part of the complaint and may be considered on demurrer." (*City of Pomona v. Superior Court* (2001) 89 Cal.App.4th 793, 800.)

### Actions in Interpleader

"Any person, firm, corporation, association or other entity against whom double or multiple claims are made, or may be made, by two or more persons which are such that they may give rise to double or multiple liability, may bring an action against the claimants to compel them to interplead and litigate their

---

[1] Nufinishpro sued Knudson in San Diego for violations of the California Uniform Trade Secrets Act and other causes of action arising from his activities in Idaho. (*Davis v. Knudson* (Super. Ct. San Diego County, 2020, No. 37-2020-00032097-CU-BT-CTL).) In addition, Knudson filed a separate action for breach of contract against Nunes after the interpleader action was dismissed. *Knudson v. Nunes* (Super. Ct. San Luis Obispo County, 2023, No. 23CV-0382). We grant Nunes's August 8, 2023 request for judicial notice of Knudson's action.

3

several claims." (Code Civ. Proc., § 386, subd. (b).) "[T]he interpleader proceeding is traditionally viewed as two lawsuits in one. The first dispute is between the stakeholder and the claimants to determine the right to interplead the funds. The second dispute to be resolved is who is to receive the interpleaded funds." (*Dial 800 v. Fesbinder* (2004) 118 Cal.App.4th 32, 43.)

A plaintiff in interpleader must show "'the defendants make conflicting claims to [the subject matter], and that the [plaintiff] cannot safely determine which claim is valid and offers to deposit the money in court . . . .'" (*Westamerica*, *supra*, 201 Cal.App.4th at pp. 607-608, quoting 4 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 248, p. 327.) "The right to the remedy of interpleader is founded on the consideration that a person is threatened not just with double liability, but with double vexation in respect to one liability." (*Westamerica*, at p. 608.) The complaint must allege facts showing a "reasonable probability of double vexation" (*Hancock Oil Co. v. Hopkins* (1944) 24 Cal.2d 497, 510) or, as more recently described, a "valid threat of double vexation." (*City of Morgan Hill v. Brown* (1999) 71 Cal.App.4th 1114, 1126 (*Morgan Hill*).) "[A]n interpleader action . . . may not be maintained 'upon the mere . . . suspicion of double vexation.'" (*Westamerica*, at p. 608, quoting *Hancock Oil Co.*, at p. 510.)

*Demurrer to Second Amended Complaint in Interpleader*

In sustaining Knudson's demurrer, the trial court determined Nunes failed to allege facts establishing his right to interplead the stock purchase funds. The court's analysis focused on the common law requirement that interpleader claimants "seek the same thing, debt, or duty." (See *Morgan Hill*, *supra*, 71 Cal.App.4th at p. 1123 ["Although section 386 has broadened the scope of the interpleader remedy, it is still required that the claimants seek the same thing, debt, or duty"].) The court found

4

the competing claims to be "two different liabilities, based on different contracts."

We agree interpleader is not appropriate. Knudson seeks the $148,000 Nunes owes under the purchase agreement as consideration for Knudson's shares in Premier. Nufinishpro's cross-complaint seeks these funds to satisfy, in whole or in part, unspecified damages flowing from Knudson's breach of the franchise agreement and related torts. (See *Morgan Hill*, *supra*, 71 Cal.App.4th at pp. 1125-1126 [plaintiff city "not faced with a valid threat of double vexation" because claimant attorney had no right to collect or encumber fees incurred by city under fee agreement with attorney's former law firm].) "Interpleader speaks of conflicting claims against the same obligor over the same fund; not on the possible eventual right to a judgment that might be satisfied out of that fund." (*Id.* p. 1126.)

Knudson acknowledges in briefing that Nufinishpro's reluctance to better articulate its claim to the purchase funds has hindered Nunes's attempts to plead a viable interpleader action. "With no help from [Nufinishpro] about the basis of its claim to [the] money," Knudson states, "Nunes has fabricated a host of 'potential' claims for [Nufinishpro], his business partner." This is not important. We assume true Nunes's allegations that paying Knudson may trigger a dispute with Nufinishpro. This is the consequence of the parties' broader contractual entanglements, not of any valid claim of Nufinishpro to the proceeds Knudson is entitled to receive in exchange for his interest in Premier. "The fact that there may be an interplay between the two contracts," the trial court correctly observed, did not "provide a path to an interpleader action."

Although there is no evidence Nunes sought interpleader as a *de facto* attachment at Nufinishpro's behest, like plaintiff in *Morgan Hill*, we agree with the trial court's observation that

5

allowing Nunes to interplead would nevertheless "'constitute a form of prejudgment attachment'" encumbering funds due to Knudson. (See *Morgan Hill*, *supra*, 71 Cal.App.4th at p. 1126 [city's interpleader action "likely stemmed from its continuing relationship" with claimant attorney, who also helped city prepare complaint against competing claimant law firm].)

## DISPOSITION

The judgment of dismissal following the order sustaining Knudson's demurrer to the second amended complaint is affirmed. Respondents shall recover their costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

CODY, J.

We concur:

GILBERT, P.J.

YEGAN, J.

Tana L. Coates, Judge
Superior Court County of San Luis Obispo

_____

Law Offices of Jane Heath, Jane E. Heath, for Plaintiff and Appellant.

Carmel & Naccasha, Michael M. McMahon, for Defendant and Respondent Matt Knudson.

No appearance for Defendant and Respondent Nufinishpro Franchising, LLP.